# United States Court of Appeals
# for the Fifth Circuit

––––––––––––––

No. 24-60301
Summary Calendar

––––––––––––––

United States Court of Appeals
Fifth Circuit

**FILED**
February 13, 2025

Lyle W. Cayce
Clerk

Yunni Waleska Funes-Caceres,

*Petitioner*,

*versus*

Pamela Bondi, *U.S. Attorney General*,

*Respondent*.

––––––––––––––––––––––––––––––

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A206 898 031

––––––––––––––––––––––––––––––

Before Wiener, Ho, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Yunni Waleska Funes-Caceres, a native and citizen of Honduras, petitions for review of a decision of the Board of Immigration Appeals (BIA) dismissing her appeal of the immigration judge's (IJ's) denial of asylum, withholding of removal, and protection under the Convention Against Torture (CAT). She argues that the country conditions evidence

––––––––––––––––––––

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

demonstrated the Honduran government would be unable or unwilling to protect her from her former partner, and she is entitled to CAT relief.

We review the BIA's decision and consider the IJ's decision only to the extent it influenced the BIA. *Orellana-Monson v. Holder*, 685 F.3d 511, 517 (5th Cir. 2012). The BIA's factual findings are reviewed for substantial evidence, and its legal conclusions are reviewed de novo. *Id.* at 517. We will not reverse the BIA's factual findings unless the evidence compels a contrary conclusion. *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). The determination that an alien is not eligible for asylum, withholding of removal, or CAT relief is a factual finding that this court reviews for substantial evidence. *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005).

First, Funes-Caceres's claim that the fact that her former partner had previously been in a juvenile detention center did not "diminish" her argument that the Honduran government would be unable or unwilling to protect her was not presented to the BIA and is thus unexhausted. *See* 8 U.S.C. § 1252(d)(1). Because the Government raises exhaustion, we will enforce this claim-processing rule and decline to consider the claim. *See Carreon v. Garland*, 71 F.4th 247, 257 (5th Cir. 2023). She also contends that, in view of the country conditions evidence, the BIA erroneously failed to address her contentions that reporting her former partner to the Honduran police would have been futile. However, her argument is unsupported, and the BIA's decision "reflect[ed] meaningful consideration of the relevant substantial evidence supporting [Funes-Caceres's] claims." *Abdel-Masieh v. INS*, 73 F.3d 579, 585 (5th Cir. 1996).

Funes-Caceres has failed to demonstrate that the Honduran government would condone her former partner's actions or be completely helpless to protect her. *See Gonzales-Veliz v. Barr*, 938 F.3d 219, 233 (5th Cir. 2019); *Chen*, 470 F.3d at 1134; *see also Bertrand v. Garland*, 36 F.4th 627, 632

(5th Cir. 2022). Additionally, her "subjective belief that it would have been futile to report abuse to authorities is not sufficient to overturn the BIA under the substantial evidence standard," *Sanchez-Amador v. Garland*, 30 F.4th 529, 534 (5th Cir. 2022) (internal quotation marks, ellipsis, and citation omitted), and her former partner's previous detention indicates that the Honduran government was not unable or unwilling to control him, *see id.* at 533. She has therefore failed to show eligibility for asylum or withholding of removal. *See id.*; *Majd v. Gonzales*, 446 F.3d 590, 595 (5th Cir. 2006).

Next, regarding Funes-Caceres's arguments for CAT relief, she asserts that her former partner's "threats and psychological abuse" constituted past torture, and the IJ erroneously failed to address any factors relevant to whether she could reasonably relocate within Honduras. However, these arguments are not properly before this court and will not be evaluated because the BIA did not reach the merits of the IJ's findings on past torture or reasonable relocation to avoid torture. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976); *Martinez-De Umana v. Garland*, 82 F.4th 303, 309 n.3 (5th Cir. 2023).

Finally, substantial evidence supports the BIA's denial of CAT relief. *See Chen*, 470 F.3d at 1134. The generalized country conditions evidence Funes-Caceres provides "tells [courts] little about the likelihood state actors will torture any particular person." *Qorane v. Barr*, 919 F.3d 904, 911 (5th Cir. 2019). Further, "potential instances of violence committed by non-governmental actors against citizens, together with speculation that the police might not prevent that violence, are generally insufficient to prove government acquiescence." *Garcia v. Holder*, 756 F.3d 885, 892 (5th Cir. 2014).

The petition for review is DENIED.